## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

KENDRICK WILEY,
ADC #139566                                                                                    PLAINTIFF

2:17CV00036-JLH-JTK

MIKE NEAL, et al.                                                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.     Introduction

Plaintiff Kendrick Wiley is a state inmate incarcerated at the Cummins Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983, alleging excessive force while incarcerated at the Monroe County Jail in February, 2017 (Doc. No. 2). Defendants Neal and Hunter were dismissed on April 25, 2017 (Doc. No. 16).

Pending before the Court is the Motion for Summary Judgment, Brief in Support, and Statement of Facts, filed by remaining Defendant Roddy Reynolds. (Doc. Nos. 22-24) When Plaintiff failed to respond, this Court issued an Order on December 12, 2017, directing him to respond within fifteen days. (Doc. No. 25). The Court further advised Plaintiff that failure to comply with the Order would result in all of the facts set forth in Defendant's summary judgment papers being deemed admitted, or the dismissal of the action without prejudice, for failure to prosecute. (Id.)   As of this date, Plaintiff has not responded to the Motion.

## II.     Facts

Plaintiff alleged that Defendant Reynolds improperly sprayed him with pepper spray after he twice refused to answer any questions during the booking process into the Jail on February 7, 2017 (Doc. No. 6).

## III.    Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party...."  Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas.  Failure to properly support or address the moving

party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED.R.CIV.P. 56(e).

In support of his Motion, Defendant Reynolds asks the Court to dismiss Plaintiff's complaint based on his failure to exhaust his administrative remedies prior to filing his lawsuit, as required by the Jail grievance procedure (Doc. No. 24-3), and the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. In support, of his Motion, Defendant Reynolds notes that Plaintiff admitted in his Amended Complaint that he did not file a grievance about the incident, stating, "Monroe County do not abide by the grievance process/threaten to cause bodily harm if grievances be written." (Doc. No. 6, p. 4) In addition, Defendant presents the affidavit of Jail Administrator Gloria Hunter, who stated that Plaintiff was booked into the Jail on February 7, 2017 and transferred to the ADC on March 9, 2017. (Doc. No. 24-1, p. 2) Hunter reviewed Plaintiff's Jail records and found no record that he filed a grievance concerning the incident at issue. (Id.) Hunter also stated, and provided grievances in support, that Plaintiff was aware of the grievance process, because he utilized it during a prior incarceration in 2016. (Id., p. 4) Based on Hunter's affidavit and the requirements of the grievance policy and the PLRA, Defendant asks the Court to dismiss Plaintiff's Complaint for failure to exhaust his administrative remedies.

Absent a Response from Plaintiff, the Court finds that Defendant's Motion should be granted.

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813

4

(E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001). In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)). In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

In this case, the Jail grievance process stated that personnel should provide inmates with a grievance form on request, and present completed grievances to the Jail administrator. (Doc. No. 24-3) The Administrator should respond to emergency grievances within forty-eight hours of submission, and other grievances within ten working days of submission. (Id.) Inmates may appeal grievance responses to the Sheriff and if an inmate fears the use of the grievance procedure, he may ask for a meeting with the Jail Administrator or the Sheriff. (Id.) In this particular case,

5

according to Hunter's affidavit, Plaintiff utilized the grievance procedure during a prior incarceration at the Jail, yet did not file a grievance concerning the incident at issue in this case. (Doc. No. 24-1, p. 3) In addition, Plaintiff did not file any complaints that he was threatened by anyone about using the grievance procedure, and did not request a meeting with the Jail Administrator or Sheriff concerning a fear of using the grievance process. (Id., p. 4)  Therefore, there is no dispute of fact that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit, and there is no evidence that Defendant or any other Jail official prevented him from filing a grievance.

While courts typically dismiss cases without prejudice for failure to exhaust, Defendant asks the Court to dismiss this case with prejudice, since Plaintiff has not been incarcerated at the Jail since March 9, 2017, and is now confined at the ADC.  In Nasseff v. Lisowy, No. 14-cv-4704 (JNE/BRT) (D.Minn. July 28, 2015), United States District Judge Joan Ericksen dismissed with prejudice Plaintiff's complaint for failure to exhaust after finding that the deadline for Plaintiff to comply with the grievance policy had long passed.  In this case, the Jail grievance policy does not contain a deadline; however, given the fact that Plaintiff is no longer incarcerated at the Jail and is incapable of exhausting his administrative remedies as to this incident, the Court finds his complaint should be dismissed with prejudice.[1]

---

[1] In light of the Court's conclusion that Plaintiff failed to completely exhaust his administrative remedies, the Court will not address Defendant's remaining arguments in support of his Summary Judgment Motion. See Johnson v. Jones, where the Court stated that dismissal of an action is mandatory once it is determined that exhaustion was not completed at the time the lawsuit was filed. 340 F.3d at 627. See also Lyon v. Vande Krol, 305 F.3d 806, 807, 809 (8th Cir. 2002) (en banc), and Barbee v. Correctional Medical Services, No. 10-1891, 2010 WL 3292789 (8th Cir. 2010).

**IV.     Conclusion**

IT IS, THEREFORE, RECOMMENDED that Defendant's Motion for Summary Judgment (Doc. No. 22) be GRANTED, and Plaintiff's Complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 4th day of January, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE